# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| SABRENDA MCNEIL, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
|  | : | No. 3:19-CV-15 (CAR) |
| WAL-MART STORES EAST, L.P., | : | |
| Defendant. | : | |

## ORDER ON PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Sabrenda McNeil's Motion to Remand [Doc. 5] the instant action to the Superior Court of Walton County, Georgia. Plaintiff contends the Court lacks subject matter jurisdiction over this case because the amount in controversy does not exceed $75,000.00. The Court disagrees and finds that Defendant has proven by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00. Consequently, Plaintiff's Motion to Remand [Doc. 5] is **DENIED**.

## BACKGROUND

In this premises liability action, Plaintiff contends she slipped, fell, and was injured walking out of Defendant's store in Monroe, Georgia due to Defendant's negligence. Plaintiff originally filed her Complaint in the Superior Court of Walton County, Georgia alleging that she is entitled to various forms of monetary relief,

1

including medical expenses, "compensation for loss of quality of life," consequential damages, general and special damages, costs, and attorney's fees.[1] Plaintiff does not specify any particular dollar amounts in her Complaint.

Defendant removed the action to this Court based on diversity jurisdiction. Plaintiff has now filed a Motion to Remand arguing the Court lacks subject matter jurisdiction because Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional limit under 28 U.S.C. § 1332(a)(1). Defendant counters that the amount in controversy is met, pointing to evidence showing that during discovery Plaintiff has disclosed $9,062.25 in medical bills and $69,729.92 in lost wages sought to be recovered in this case.

## DISCUSSION

Removal jurisdiction exists where the court would have original jurisdiction over the action.[2] It is well-established that the defendant, the party seeking removal, must present facts establishing its right to remove by a preponderance of the evidence.[3] Here, the Court must determine whether Defendant meets its burden to show Plaintiff's claim exceeds the jurisdictional $75,000.00 amount-in-controversy requirement to authorize diversity jurisdiction over this case.

---

[1] Complaint, ¶ 4 [Doc. 5-2].
[2] 28 U.S.C. § 1441(a).
[3] *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)

2

"In shouldering this burden, a removing defendant 'is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.'"[4] Rather, the defendant may satisfy its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper."[5] What the defendant may not do, however, is rely exclusively on "conjecture, speculation, or star gazing" to establish the requisite amount in controversy.[6] If the jurisdictional amount is not "readily deducible" from the record, the district court lacks jurisdiction and must remand to state court.[7] To determine whether the case meets federal jurisdictional requirements, "courts may use their judicial experience and common sense."[8]

Defendant has met its burden in this case. During discovery, Plaintiff's attorney supplemented his discovery responses with documents clearly showing Plaintiff seeks $9,062.25 in medical bills and 69,729.92 in lost wages. A paralegal in Plaintiff's law firm sent an email and corresponding documents to Defendant's attorneys which stated: "Please see attached for the requested current supplemental information we have in [Plaintiff's] case. Medical costs: $9,062.25. Lost Wages: $69,729.92." These amounts total

---

[4] *Lambeth v. Peterbilt Motors Co.*, No. 12-0169-WS-N, 2012 WL 1712692, at *2 (S.D. Ala. May 15, 2012) (quoting *Pretka*, 608 F.3d at 754).
[5] *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted).
[6] *Pretka*, 608 F.3d at 754.
[7] *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1210-11, 1219 (11th Cir. 2007)).
[8] *Roe*, 613 F.3d at 1062.

3

$78,792.17 in special damages, exceeding the $75,000.00 jurisdictional amount-in-controversy minimum, which does not even include any additional amounts Plaintiff will seek for pain and suffering.

**CONCLUSION**

As set forth above, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00. Accordingly, Plaintiff's Motion to Remand [Doc. 5] is **DENIED**.

**SO ORDERED,** this 3rd day of May, 2019.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT